**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3895-15T3

LIZA ATAMY,

    Appellant,

v.

BOARD OF REVIEW
and PATERSON CHARTER
SCHOOL FOR SCIENCE AND
TECHNOLOGY,

    Respondents.

_____

        Submitted July 31, 2018 – Decided August 7, 2018

        Before Judges Sabatino and Mayer.

        On appeal from the Board of Review, Department
        of Labor, Docket No. 023,615.

        Legal Services of New Jersey, Inc., attorneys
        for appellant (Sarah S. Hymowitz, on the
        briefs).

        Gurbir S. Grewal, Attorney General, attorney
        for respondent Board of Review (Melissa Dutton
        Schaffer, Assistant Attorney General, of
        counsel; Elizabeth A. Davies, Deputy Attorney
        General, on the brief).

        Respondent Paterson Charter School for Science
        and Technology has not filed a brief.

PER CURIAM

Liza Atamy appeals from a final agency decision of the Board of Review deeming her ineligible for unemployment benefits from October 13, 2013 through December 7, 2013. We reverse and remand for corrective action.

Atamy, a former employee of the Paterson Charter School for Science and Technology, applied for unemployment benefits. Atamy collected unemployment benefits for a few weeks until a deputy with the Department of Labor and Workforce Development disqualified her upon concluding she had voluntarily left work without good cause attributable to the work. N.J.S.A. 43:21-5(a).

Atamy appealed administratively and the Appeal Tribunal initially reversed the deputy's determination. The employer then appealed to the Board and a second hearing was held by the Tribunal. After the second hearing, on July 21, 2014, the Appeal Tribunal disqualified appellant from receipt of benefits for an eight week period for what it deemed to be "work-related" misconduct. N.J.S.A. 43:21-5(b).

After the disqualification period expired, Atamy would have been eligible for unemployment benefits, had she contacted the agency to report her weekly benefits, for the time period of

October 26, 2013 to December 7, 2013.[1]  Atamy mistakenly believed she was ineligible to receive unemployment benefits while she was awaiting her second appeal hearing before the Tribunal and therefore did not report her ongoing employment status during that time.

Atamy sought to retroactively claim her unemployment benefits for October 13, 2013 to December 7, 2013.  A Department of Labor and Workforce Development deputy held Atamy was ineligible for benefits during this time period because she had failed to report.

Atamy appealed and the Appeal Tribunal held a telephonic hearing.  Atamy, who was then self-represented, testified she did not receive the Department of Labor and Workforce Development's unemployment handbook, which is customarily provided to claimants at the outset of an unemployment claim.  Atamy further stated she did not know she was supposed to claim benefits during the pendency of her appeal.  Atamy explained she never had claimed unemployment benefits previously and was unfamiliar with the process.  Atamy also testified she did not recall receiving the Notice of Receipt of Appeal, a document which instructs claimants to continue claiming benefits while awaiting an appeal hearing.

---

[1]  On December 5, 2013, Atamy took a new job, therefore ending her period of potential eligibility.

Significantly, the appeal examiner never confirmed proof of the date the Notice of Receipt of Appeal was supposedly mailed to Atamy.[2]

The Appeal Tribunal agreed with the deputy's determination, finding that the Notice of Receipt of Appeal, which it presumed had been timely sent, provided sufficient notice of Atamy's obligation to continue claiming benefits during the pendency of her appeal. The Tribunal held Atamy was ineligible for unemployment benefits from October 13, 2013 to December 7, 2013.

Atamy appealed the Appeal Tribunal's determination to the Board. The Board summarily affirmed that ruling. Atamy sought to reopen the Board's decision because she had not received at least two of the three documents ordinarily provided by the Department of Labor and Workforce Development explaining the procedure for claiming unemployment benefits while awaiting an appeal hearing.[3] The Board nonetheless denied Atamy's request to reopen the matter.

---

[2] Atamy subsequently retained counsel and learned the Notice of Receipt of Appeal actually was not sent by the agency until December 27, 2013, well after the expiration of her unemployment claim period.

[3] There are three documents that are supposed to be provided to individuals who file for unemployment benefits: the unemployment handbook, posted on the Department of Labor and Workforce Development's website; the Notice of Receipt of Appeal; and the Notice of Determination.

Atamy filed an appeal with this court. She also filed a motion to remand the matter to the Board to address inaccuracies in the Board's decision. On October 13, 2016, we granted Atamy's unopposed motion for a remand to the Board to consider the additional submissions.

The Board remanded the case to the Appeal Tribunal to conduct another hearing on Atamy's retroactive unemployment benefits claim. Atamy reiterated her prior testimony that she did not receive the unemployment handbook and did not recall receiving the Notice of Receipt of Appeal.

Because the appeal examiner was unable to confirm on remand the date the Notice of Receipt of Appeal was mailed to Atamy, the Appeal Tribunal instead focused its denial of unemployment benefits on the Notice of Determination sent to Atamy on October 21, 2013. Atamy testified that she did receive the Notice of Determination but did not recall reviewing the instructions on the reverse side of that notice. The Tribunal consequently held that Atamy was ineligible for unemployment benefits from October 13, 2013 to December 7, 2013 because she failed to claim her benefits without good cause. The Board summarily affirmed the Appeal Tribunal's decision.

On appeal, Atamy argues she had good cause for not claiming unemployment benefits because she did not receive adequate notice

A-3895-15T3

of her obligation to continue claiming entitlement to benefits while her appeal was pending. She does not contest the denial of benefits for the earlier period of September 1, 2013 to October 26, 2013 founded on work-related misconduct.

Our review of an administrative agency's final decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We reverse an agency's determination only if it is arbitrary, capricious, unreasonable, or unsupported by substantial credible evidence. Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

We acknowledge that we owe considerable deference to the Board in administering our state's unemployment compensation laws. Ibid. Nevertheless, based on the discrete chronology of this case, we conclude the agency misapplied the relevant legal standards and acted arbitrarily, capriciously, and unreasonably in rejecting appellant's claim with respect to her eligibility for the limited period of October 26, 2013 to December 7, 2013.

The primary issue on appeal is the adequacy of the agency's notice to Atamy that she needed to report her unemployment status, while her appeal was pending, to be eligible for continuing benefits. Atamy testified, without contradiction, that she never received the unemployment handbook and did not timely receive the Notice of Receipt of Appeal and therefore was unaware of the obligation to continue to report.

The unemployment handbook from the agency provides an overview of the unemployment benefits process and procedure. At the time Atamy was eligible for unemployment benefits, the handbook was no longer being mailed to claimants. Instead, claimants are now directed to download the handbook from the agency's website.[4] The online handbook, in a stand-alone text box, expressly and conspicuously instructs claimants to continue claiming benefits during the pendency of an appeal.

Nor did Atamy timely receive the Notice of Receipt of Appeal. The Notice of Receipt of Appeal typically is sent to claimants one to two weeks after filing an appeal with the Appeal Tribunal. This document explicitly instructs claimants to continue claiming

---

[4]  We express here some misgivings regarding the effectiveness of the Department of Labor and Workforce Development's "web notification," directing claimants to download the handbook instead of mailing the document to claimants, without some mechanism for verifying that the claimant received the handbook.

A-3895-15T3

benefits while awaiting an appeal hearing.  The Notice of Receipt

of Appeal states:

> Claiming Benefits:  While you are waiting for your appeal, and as long as you are unemployed, you <u>must</u> continue to claim your continued weeks of unemployment benefits every two weeks.  If you do not claim every two weeks, you may lose your benefits even if the Appeal Tribunal decides in your favor.

The Board does not dispute Atamy's contention on appeal that

the Notice of Receipt of Appeal, which should have been mailed in

early November, was not mailed until December 27, 2013, after her

unemployment claim period expired.  The late Notice of Receipt of

Appeal rendered the notice ineffective as to Atamy's benefits

claim.

While Atamy received the Notice of Determination, that

document fails to prominently explain the procedure for claiming

benefits while awaiting an appeal hearing.  Unlike the Notice of

Receipt of Appeal, the Notice of Determination does not contain

bolded or highlighted information regarding a claimant's

obligation to continue claiming benefits while awaiting an appeal

hearing.  Significantly, the Notice of Determination contains

information concerning a claimant's obligations only on the

reverse side of the document and it is not prominently delineated.

An individual is unlikely to review the back of the Notice of

Determination because the front of the document advises that the

claimant is disqualified from receipt of benefits and provides information as to when and where a claimant must file an appeal.

N.J.A.C. 12:17-4.1(b) governs the processing of claims for receipt of unemployment benefits. In accordance with this regulation:

> An individual who fails to report as directed will be ineligible for benefits unless, pursuant to a fact-finding hearing, it is determined that there is "good cause" for failing to comply. For the purposes of this subchapter, "good cause" means any situation which was substantial and prevented the claimant from reporting as required by the Division.
>
> [N.J.A.C. 12:17-4.1(b).]

Having reviewed the record under the particular circumstances in this case, we find Atamy met the good cause standard for failing to report because she did not receive the unemployment handbook and did not timely receive the Notice of Receipt of Appeal. If the Notice of Determination alone were sufficient to inform a claimant of his or her continuing obligation to claim unemployment benefits while awaiting an appeal hearing, the agency would not need to direct claimants to review the unemployment handbook and convey an explicit and bolded instruction in the Notice of Receipt of Appeal.

Based on the foregoing, the Board's decision was arbitrary and capricious, warranting reversal of the Board's denial of

Atamy's unemployment benefits from October 26, 2013 to December 7, 2013. The Board shall pay to Atamy her unemployment benefits for October 26, 2013 to December 7, 2013, less the $2,754 sum Atamy received in benefits from September 1, 2013 to October 26, 2013, when she was disqualified from receipt of unemployment benefits.

Reversed and remanded for the entry of relief consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3895-15T3