**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4949-16T4

BENJAMIN TRAN,

     Petitioner-Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, MARINA DISTRICT
DEVELOPMENT CO., HARD ROCK
HOTEL & CASINO HOLLYWOOD,
and RIO HOTEL & CASINO,

     Respondents-Respondents.

_____

Submitted October 9, 2018 – Decided December 6, 2018

Before Judges Sabatino and Sumners.

On appeal from the Board of Review, Department of Labor, Docket No. 112,830.

Benjamin Tran, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Respondents Marina District Development Co., Hard Rock Hotel & Casino Hollywood, and Rio Hotel & Casino, have not filed a brief.

PER CURIAM

The sole issue presented in this appeal is whether the Board of Review, Department of Labor and Workforce Development (the Board), misapplied the law in its final agency decision, which denied petitioner Benjamin Tran's combined-wage claim for unemployment benefits arising from his employment in Florida and Nevada because it determined that it had no jurisdiction over the claim given his dispute with the weeks reported for his out-of-state employment. We affirm because we conclude the Board properly applied the law governing combined-wage claims.

Tran filed a combined wage claim for unemployment benefits asserting $28,278 in wages earned from three employers in New Jersey, Florida, and Nevada, during the base year period of October 1, 2015, through September 30, 2016. The Deputy Director of the Division of Unemployment and Disability Insurance (Deputy) determined his weekly benefit rate was $361 with maximum benefits of $9,025 based upon forty-three weeks. Following Tran's appeal to the Appeal Tribunal, the Deputy re-determined his decision and increased the weekly benefit rate to $395 and maximum benefits to $10,270.

After the Appeal Tribunal initially dismissed his appeal,[1] it was re-opened for good cause. At the subsequent telephonic hearing, Tran agreed with his award pertaining to his New Jersey employment but argued that his benefits should be increased to a weekly rate of $652 and maximum benefits of $16,966 because his former employers in Florida and Nevada had misreported his weeks worked.[2] The Appeal Tribunal declined to address the merits of Tran's contention; determining that it did not have jurisdiction in a combined wage claim over the disputed reporting of out-of-state employment, and dismissed the appeal.

Tran appealed to the Board, which agreed with the Appeal Tribunal that New Jersey did not have jurisdiction over the disputed out-of-state employment. The Board stated that Tran's recourse was to seek relief in those respective states. This appeal followed.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We accord

---

[1] Tran failed to participate in a scheduled telephone hearing.

[2] Tran submitted supporting paystubs to prove that Florida and Nevada misreported his actual weeks of work; evidencing ten weeks in Florida, not the reported eighteen weeks, and nine weeks in Nevada, not the reported eighteen weeks.

3

substantial deference to the agency's interpretation of a statute it is charged with enforcing. Bd. of Educ. of the Twp. of Neptune v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996). Despite affording "considerable weight to a state agency's interpretation of a statutory scheme that the legislature has entrusted to the agency to administer," In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010), we give deference "to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is 'plainly unreasonable.'" Ibid. Nevertheless, our review is de novo where an agency "determination constitutes a legal conclusion." Lavezzi v. State, 219 N.J. 163, 172 (2014). We overturn an agency determination only if it inconsistent with the enabling statute or legislative policy. Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001).

Without citing any law in support, Tran's sole argument before us is that the Board erred in determining that it did not have jurisdiction over the out-of-state employment claims to correct alleged misreporting of his weeks worked. We disagree.

Because this dispute involves a combined-wage claim, we must adhere to the applicable federal legislative and regulatory scheme. In accordance with the

A-4949-16T4

Federal Unemployment Tax Act, the Secretary of Labor may approve arrangements, which allows the Board to determine a worker's unemployment benefits based on combined-wage claims from more than one state in order to qualify for benefits or to receive more benefits. 26 U.S.C. § 3304(a)(9)(B); 20 C.F.R. § 616.1; N.J.S.A. 43:21-21(b). A combined-wage claimant is defined as "[a] claimant who has covered wages under the unemployment compensation law of more than one State and who has filed a claim under this arrangement." 20 C.F.R. § 616.6(d). A combined wage claim may be filed by "[a]ny unemployed individual who has had employment covered under the unemployment compensation law of two or more States, whether or not the individual is monetarily qualified under one or more of them." 20 C.F.R. § 616.7(a).

Since Tran filed his claim in New Jersey, the paying state, the Board

> shall request the transfer of a Combined-Wage Claimant's employment and wages in all States during its base period, and shall determine the claimant's entitlement to benefits (including additional benefits, extended benefits and dependents' allowances when applicable) under the provisions of its law based on employment and wages in the paying State, and all such employment and wages transferred to it hereunder. The paying State shall apply all the provisions of its law to each determination made hereunder, except that the paying State may not determine an issue which has previously been adjudicated by a transferring State.

[20 C.F.R. § 616.8(a).]

In this matter, Nevada and Florida are the "transferring" states as defined by 20 C.F.R. § 616.6(f), which provides "[a] State in which a Combined-Wage Claimant had covered employment and wages in the base period of a paying State, and which transfers such employment and wages to the paying State for its use in determining the benefit rights of such claimant under its law."

Tran disputes the amount of weeks reported for his employment in Nevada and Florida. However, federal law dictates that where a combined-wage claim appeal involves "a dispute as to . . . the amount of employment and wages subject to transfer, the protest, request for redetermination or appeal <u>shall be decided by the transferring State in accordance with its law</u>." 20 C.F.R. § 616.8(d)(3) (emphasis added).

Accordingly, the Board's decision that it lacks jurisdiction to determine Tran's challenge to the employment weeks reported by his former employers in Nevada and Florida is not contrary to the express directive of the controlling law.

Affirmed, without prejudice to appellant seeking recourse in the transferring states.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4949-16T4