770 A.2d 1216 (2001)
339 N.J. Super. 29
Anthony K. BAILEY, Petitioner-Appellant,
v.
BOARD OF REVIEW and Kinko's Copy Center, Respondents-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 2001.
Decided April 3, 2001.
Anthony K. Bailey, appellant pro se.
*1217 John J. Farmer, Jr., Attorney General, attorney for respondent Board of Review (Michael J. Haas, Assistant Attorney General, of counsel; Alan C. Stephens, Deputy Attorney General, on the brief).
Respondent Kinko's Copy Center did not file a brief.
Before Judges BAIME and CARCHMAN.
The opinion of the Court was delivered by CARCHMAN, J.A.D.
Appellant Anthony Bailey appeals from a final determination of the Board of Review (the Board) denying his claim for unemployment benefits. The Board affirmed a determination of the Appeal Tribunal concluding that appellant was discharged for gross misconduct, N.J.S.A. 43:21-5(b), as he committed a theft of $7,500 from the employer over a two-year period. While we have significant questions as to the merits of appellant's appeal, because of the failure of the Appeals Tribunal and Board to address the primary issues in dispute, we are constrained to remand this matter to the Board for further proceedings.
We briefly set forth the relevant facts. Appellant commenced his employment at Kinko's as a copy consultant in January 1997. In May 1999, Kinko's investigated "an unusually high number of low sales and no sales per frequency of sales transactions" which were observed on appellant's cash register. The investigation, which included two controlled purchases at appellant's register, revealed that one of the transactions was not recorded as a sale.
When confronted, appellant gave a statement admitting his conduct and said:
I find solace in being confronted about... some of the unethical and totally improper "methods I employed" at store 1216. These include underrings, sale erase, copy card misuse and I'm sorry to say on occasion pocketing cash.
My testimony is that I would like the opportunity to redeem myself in my work at Kinko's and that I will never ever do anything or things of this sort again nor knowingly disregard any company guideline or policy or knowingly allow anyone else [sic].
Where I'm not certain of the exact amount but basing it on the frequency or infrequency of my actions times this (my store's) average sales I'm overwhelmed by what the reality of the numbers could be. I could go into my loss of countenance and treatment in this branch and what contributing factors they may have played in my attitude at the time of my bad decisions but ultimately I know it's just the "I" that's "me" [sic] has to be responsible.
Again I'm sorry.

[ (emphasis and footnote omitted).]
He added in a footnote to his statement that he estimated he had taken approximately $7,500 over a two year period. The next day, he recanted and advised that he had written the earlier statement to avoid having the case become a police matter and due to his desire to "get out of Kinko's without a scene" and "speak to [his] attorney." Despite his aim, defendant was thereafter arrested and charged with theft, N.J.S.A. 2C:20-3a, which, because the amount charged exceeded $500, was a crime of the third-degree, N.J.S.A. 2C:20-2b(2). The criminal matter was referred by the Mercer County Prosecutor's Office to Princeton Borough Municipal Court, where it was ultimately dismissed.
*1218 At the hearing before the Appeal Tribunal, appellant disputed the employer's version of events and denied taking any money from the store. He claimed that although he wrote out and signed the statement, it was under duress. He observed that he had a criminal record and "so one of the things I did not want was a police scene." He further suggested that he was advised that if he signed the statement, a recommendation would be made that he keep his job. When inquiry was made as to whether restitution had been made, appellant responded, "not yet."
On appeal, appellant's primary claim was that his statement was the result of duress. Although he raised issues as to sufficiency of the evidence and a general denial of culpability, the Appeal Tribunal made the following determinations:
In this case, the claimant wilfully falsified time records and was paid in excess of $200.00 to which she [sic] was not entitled. The amount of her [sic] theft as well as "theft by deception" are crimes of the first through the fourth degree of the criminal code of the State of New Jersey and rose to the level of gross misconduct connected to her [sic] work.
The latter allegations of the claimant that he did not falsify records or engage in theft is rejected, as it is offset by the certified statement to the employer on 5/29/99. In addition, he was under no obligation to write a statement for the employer. Further, the statement were [sic] the words of the claimant.
We observe that nowhere is any allegation set forth that appellant "falsified time records." While the Board's brief suggests that appellant admitted to "cash register `under rings', erasing sales, and copy card misuse," the Appeals Tribunal refers to "falsif[ying] time records.[1]" No issue was raised by either party as to time records. More significantly, while the Appeals Tribunal alludes to appellant's statement and the fact that it was written by him, there is no discussion or fact finding regarding the claim of duress, the centerpiece of appellant's claim.
We acknowledge that our standard of review is limited. We will defer to and not reverse an agency decision unless it is arbitrary, capricious or unreasonable, or it is not supported by substantial credible evidence in the record as a whole. In re Taylor, 158 N.J. 644, 656, 731 A.2d 35 (1999); R & R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175, 729 A.2d 1 (1999); Brady v. Bd. of Review, 152 N.J. 197, 210, 704 A.2d 547 (1997); Brock v. Pub. Serv. Elec. & Gas Co., 149 N.J. 378, 383, 693 A.2d 894 (1997). However, the exercise of such deference is premised on our confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute. We are not certain that is the case here.
The Supreme Court addressed the issue of administrative fact-finding in In re Arbitration between New Jersey Bell Telephone Co. v. Communications Workers of America, 5 N.J. 354, 75 A.2d 721 (1950), when it commented:
It has been said that it is a fundamental of fair play that an administrative judgment express a reasoned conclusion. A *1219 conclusion requires evidence to support it and findings of appropriate definiteness to express it.
[Id. at 375, 75 A.2d 721 (citation omitted).]
See also Lister v. J.B. Eurell Co., 234 N.J.Super. 64, 73, 560 A.2d 89 (App.Div. 1989) (requiring a "reasoned explanation based on specific findings of basic facts"). This was neither a complex nor extended hearing, but nevertheless required a careful analysis and the requisite findings to insure a just result. Fact-finding is just that. It is not a recitation of statutory citations but a clear and concise demonstration that the litigants have been heard and their arguments considered. Justice requires no less. Nowhere does the Appeals Tribunal or the Board address, discuss, or make separate findings on the issue of duress, a failing which we simply cannot overlook.
We remand this matter to the Board for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] We note also that the Appeals Tribunal referred to appellant on three occasions as a female. We assume from the general discussion as well as other conflicting references that appellant is a male.