**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4666-15T3

IN THE MATTER OF THE
IMPLEMENTATION OF L. 2012,
C. 24, THE SOLAR ACT OF
2012; IN THE MATTER OF THE
IMPLEMENTATION OF L. 2012,
C. 24 N.J.S.A. 48:3-87(Q)
(R) and (S) — PROCEEDINGS
TO ESTABLISH THE PROCESSES
FOR DESIGNING CERTAIN GRID-
SUPPLY PROJECTS AS CONNECTED
TO THE DISTRIBUTION SYSTEM;
BRICKYARD, LLC.

_____

Argued September 26, 2017 — Decided October 20, 2017

Before Judges Reisner and Mayer.

On appeal from the Board of Public Utilities,
Docket Nos. EO12090832V, EO12090880V, and
QO13101020.

Steven W. Griegel argued the cause for
appellant Brickyard, LLC (Roselli Griegel
Lozier & Lazzaro, PC; Mr. Griegel, on the
briefs).

Renee Greenberg, Deputy Attorney General,
argued the cause for respondent New Jersey
Board of Public Utilities (Christopher S.
Porrino, Attorney General, attorney; Andrea M.
Silkowitz, Assistant Attorney General, of
counsel; Ms. Greenberg, on the brief).

PER CURIAM

Brickyard, LLC appeals from a May 25, 2016 final decision of the Board of Public Utilities, denying Brickyard's application for an extension of time beyond May 31, 2016 to complete construction of Phase II of its solar energy project, pursuant to N.J.S.A. 48:3-87(q) of the Solar Act. The Board initially disapproved the Phase II project, but later granted approval as part of the settlement of Brickyard's appeal from the disapproval decision. On this appeal, Brickyard contends that the Board erred in rejecting Brickyard's proffered interpretation of the settlement as permitting completion of the project after May 31, 2016. In the alternative, Brickyard contends that the Board acted arbitrarily in denying its extension request while granting an extension to a similarly-situated applicant, True Green Capital Management LLC (True Green), and that the Board failed to explain its reasons for the different treatment.

The Board's May 25, 2016 decision thoroughly explained the applicable statutory scheme, set forth in section 87(q) of the Solar Act of 2012, L. 2012, c. 24, and the procedural history of this matter. Those details need not be repeated here. Suffice to say that the purpose of the Act is to encourage the development of solar energy, and what is at stake for Brickyard is the opportunity to obtain financial subsidies for the energy that

would be produced by its Phase II solar project. See In re Implementation of L. 2012, C. 24, 443 N.J. Super. 73, 75-76 (App. Div. 2015).

Our review of a contract, including a settlement agreement, is de novo. GMAC Mortg., LLC v. Willoughby, 230 N.J. 172, 183 (2017). After considering the record in light of that standard, we agree with the Board that the settlement was unambiguous. It required Brickyard to complete construction of the Phase II project by May 31, 2016, which was the deadline that applied to all solar projects approved under 87(q) for Energy Year 2015 (EY2015). In fact, on June 23, 2015, shortly after the appeal was settled and the Board approved the Phase II project, the agency sent Brickyard written notice of the May 31, 2016 deadline, to which Brickyard raised no objection. Brickyard's arguments with respect to the construction of the settlement agreement are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

However, we are constrained to remand this matter to the Board for reconsideration, because the agency did not meaningfully consider or sufficiently explain why, having placed Brickyard in the same position as any other EY2015 applicant, it did not then apply the same considerations to Brickyard that it applied to True Green, another applicant that previously sought an extension. See In The Matter Of The Implementation Of L. 2012, C. 24, The Solar

, 2016 N.J. PUC LEXIS 58 (Feb. 24, 2016).[1]  In the True Green case, the applicant sought an extension of the deadline for its FY2014 project, due to extraordinary circumstances, including the inability of its contractor to finish construction.  The Board granted the application as a matter of equity, noting that no other FY2014 applicant had sought an extension.  In seeking a minimum six-month extension, Brickyard submitted a detailed certification explaining why it was unable to complete the project and explaining the extensive steps it had already taken toward completion.  On its face, the application set forth many of the same factors present in the True Green matter.

However, in rejecting Brickyard's application, the Board made no effort to distinguish True Green, other than the conclusory statement that Brickyard's section 87(q) approval resulted from a settlement.  The Board did not explain why the deadline set forth in the settlement was essential or why, in its capacity as an

---

[1] Ordinarily we do not cite to unpublished decisions of courts or agencies.  However, we cite this agency decision because it is directly relevant to the history of the Board's decision-making under section 87(q) and is central to the issue before us.

A-4666-15T3

adjudicator rather than as a litigant, the Board considered the settlement as a definitive factor. Nor did it provide any meaningful analysis of whether Brickyard's extension application otherwise differed from that of True Green.

Ordinarily, our review of an agency decision is deferential. See E. Orange Bd. of Educ. v. N.J. Sch. Constr. Corp., 405 N.J. Super. 132, 143-44 (App. Div.), certif. denied, 199 N.J. 540 (2009). "However, the exercise of such deference is premised on our confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute." Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001); see also N.J. Bell Tel. Co. v. Commc'ns Workers, 5 N.J. 354, 374-79 (1950). In this case, it was incumbent on the Board to give due consideration to Brickyard's arguments and "to explain, in this case, why an exception was permitted in the past" and, if Brickyard's application was sufficiently different from that of True Green as to warrant a different result, what factors led the agency to that conclusion. Green v. State Health Benefits Comm'n, 373 N.J. Super. 408, 417-18 (App. Div. 2004).

The agency's failure to accord that consideration, and to provide an explanation sufficient for meaningful appellate review, requires that we remand this matter to the Board for

reconsideration and a more complete decision.  In remanding, we infer no view as to the outcome of the proceedings on remand.

Remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION