**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0454-17T1

EVAN F. AHERNE,

      Petitioner-Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and KELLY SERVICES, INC.,

      Respondents-Respondents.

_____

Submitted December 17, 2018 – Decided January 23, 2019

Before Judges Messano and Gooden Brown.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 113,678.

Wasch & Ritson, LLC, attorneys for appellant (Daniel C. Ritson, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Respondent Kelly Services, Inc. has not filed a brief.

PER CURIAM

Claimant Evan Aherne appeals from the August 14, 2017 final agency decision of the Board of Review (Board), which reversed the decision of the Appeal Tribunal (Tribunal). The Tribunal found him unavailable for work, pursuant to N.J.S.A. 43:21-4(c), and therefore ineligible for benefits from January 29 to June 10, 2017. In contrast, the Board determined Aherne quit work voluntarily without good cause attributable to the work and was therefore disqualified for benefits as of May 15, 2016, pursuant to N.J.S.A. 43:21-5(a). Having reviewed the record in light of the applicable legal principles, we vacate the Board's decision and remand for further proceedings.

We glean the following facts from the record. Aherne applied for unemployment benefits, and, on March 1, 2017, the Director of Unemployment Insurance determined he was eligible for benefits from January 29, 2017. Aherne's employer, Kelly Services, Inc. (Kelly), appealed the Director's determination, contending that Aherne left work voluntarily without good cause attributable to the work. A telephonic hearing before the Tribunal was postponed from April 7 to June 14, 2017. At the June 14, 2017 hearing, Susan

Medina, Kelly's Human Resources representative, and Sara Sanders, Kelly's Operation Manager, testified. Aherne did not participate in the hearing.

Medina testified that Aherne began working for Kelly as a "talent advisor" on October 17, 2011, and worked "on-site at one of [their] client[']s" location from "Monday through Friday[,]" "[t]ypically 8:00 [a.m.] to 5:00 [p.m.]" In August 2014, he suffered a disabling "back injury" when "[h]e fell off a ladder . . . [at] his home." Initially, Kelly accommodated him by allowing him to "come to work late" or "work at a different site . . . a little closer to his house" a "few days a week" and "then his regular site the remaining days." Ultimately, Kelly even allowed Aherne to work "from home one to two days a week."

However, "around mid-April 2016[,]" his doctor restricted his driving, requiring him "to work from home on a permanent basis." Because his position required him to have "on-site interfacing" with clients, employees, and candidates, Kelly was "unable to accommodate that final request." Instead, Medina encouraged Aherne to apply "for disability" or look for a "virtual 100%" work-from-home position within the company database. On April 22, 2016, Aherne applied for two virtual positions but did not qualify for either. Medina testified Aherne did not apply for any other position at Kelly but acknowledged

3

there was no deadline for him to apply. Nonetheless, she stated there were "several virtual positions that have been available over [the] time frame."

According to Medina, "[t]he last day [Aherne] actually was on assignment was May 15[,] 2016." Kelly "terminated [Aherne] in [its] system on January 31[,] 2017[,]"[1] because Aherne "was no longer able to perform the essential functions of the job" and "failed to apply [for] or secure another position." When asked whether Aherne "was terminated" or "quit," Medina responded that Kelly "use[d] [those] terms interchangeably," but "believe[d] it was a mutual" decision. However, she denied that Aherne ever stated he did not want to work at Kelly anymore. Instead, "[h]e indicated he did want to work but he could only work from home." She explained the "actual reason" for the separation noted "in [their] system [was] that [Aherne] was leaving the workforce."

Following the hearing, the Tribunal determined that, based on "the employer's uncontested testimony" that Aherne "[stopped], for unjustified reasons, seeking available work that he knew existed[,]" Aherne was

---

[1] Although there was no testimony at the hearing about Aherne's disability application, the record includes e-mail exchanges between Aherne and Kelly representatives showing that he was placed on disability until January 29, 2017.

4

"unavailable for work with the employer[,]" pursuant to N.J.S.A. 43:21-4(c),[2] and "ineligible for benefits from [January 29] through [June 10, 2017.]" The Tribunal specifically found that Kelly "separated [Aherne] on [January 31, 2017] because he had stopped, as of [April 22, 2016], applying for other available work" by "not searching in [Kelly's database]." Therefore, according to the Tribunal, Aherne "did not . . . leave work voluntarily without good cause attributable to the work and no disqualification [arose] under N.J.S.A. 43:21-5(a)."[3] Likewise, "[n]o disqualification [arose] . . . under N.J.S.A. 43:21-5(b) as [Aherne] was not discharged for misconduct connected with the work."[4] The Tribunal remanded the matter to the Director for a determination of Aherne's potential liability to refund any benefits received.

---

[2] Under N.J.S.A. 43:21-4(c)(1), "[a]n unemployed individual shall be eligible to receive benefits with respect to any week eligible only if . . . [t]he individual is able to work, and is available for work, and has demonstrated to be actively seeking work[.]"

[3] Under N.J.S.A. 43:21-5(a), an individual is disqualified for benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment[.]"

[4] Under N.J.S.A. 43:21-5(b), an individual is disqualified for benefits "[f]or the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week, as determined in each case."

A-0454-17T1

On the remand, the Director determined that Aherne was liable to refund $7447 for benefits received from February 4 to April 15, 2017. Aherne appealed to the Board, asserting that after Kelly terminated him, he actively sought employment, both within the Kelly database and elsewhere, until he accepted a position elsewhere on April 13, 2017. He asserted further that there was no stipulation that his employment search had to be confined to the Kelly database, and his failure to participate in the hearing was caused by his confusion about confirming the rescheduled hearing date.

In its August 14, 2017 decision, the Board "affirmed and adopted" the Tribunal's "[f]indings of [f]act." However, the Board disagreed with the Tribunal's "holding that the separation from work . . . was not for disqualifying reasons." According to the Board, the evidence showed that Kelly "removed [Aherne] from company records because [he] was unable to secure another position within his medical restrictions." The Board relied on N.J.A.C. 12:17-9.3(b), which provides in pertinent part that:

> An individual who leaves a job due to a physical . . . condition or state of health which does not have a work-connected origin but is aggravated by working conditions will not be disqualified for benefits for voluntarily leaving work without good cause "attributable to such work," provided there was no other suitable work available[,] which the individual could have performed within the limits of the disability.

6

When a non-work connected physical . . . condition makes it necessary for an individual to leave work due to an inability to perform the job, the individual shall be disqualified for benefits for voluntarily leaving work.

The Board determined that because "[t]he evidence on the record support[ed] the conclusion that . . . [Aherne] stopped working due to a physical condition that was not work related, [Aherne] left work voluntarily without good cause attributable to the work," and was "disqualified for benefits as of May 15, 2016, pursuant to N.J.S.A. 43:21-5(a) and N.J.A.C. 12:17-9.3(b)." Moreover, "[i]n view of the period of disqualification imposed," the Board deemed "the issue of [Aherne's] availability" as "academic." Accordingly, the Board reversed the Tribunal, and subsequently denied Aherne's request to reopen and reconsider the record. This appeal followed.

On appeal, Aherne argues that because his employment with Kelly "did not end on May 15, 2016[,]" but rather "January 31, 2017[,]" as found by the Tribunal, the Board's determination that his employment with Kelly "terminated effective as of May 15, 2016, whether voluntarily or otherwise[,]" is unsupported by the record. Aherne argues further that "rather than making its determination under N.J.A.C. []12:17-9.3(b)[,] the Board should have found

[him] to be eligible for . . . benefits under N.J.A.C. []12:17-5.6"[5] and "N.J.S.A.
43:21-19(c)(2),"[6] notwithstanding the fact that he "was approved for disability
benefits by [Kelly's] third party provider" instead of "the State plan."   Aherne

---

[5] Under N.J.A.C. 12:17-5.6(a), "individuals whose employment is not available" at the conclusion of "a period of disability compensable under the provisions of the Temporary Disability Benefits Law, N.J.S.A. 43:21-25 et seq." may "file[] a claim for benefits" immediately after the disability period and "may have the option of using an alternative base year . . . to establish eligibility."   Under N.J.A.C. 12:17-5.6(b), "[a]n individual who files a claim under the provisions of this section shall not be disqualified for benefits for voluntarily leaving work, provided the individual contacts the employer and his or her employment is not available."   However, "[i]f the previous position is available, but the individual is no longer able to perform the duties of the position, the alternative base year provisions of this section shall not apply."   N.J.A.C. 12:17-5.6(a).

[6] N.J.S.A. 43:21-19(c)(2) provides:

> With respect to a benefit year commencing on or after June 1, 1990[,] for an individual who immediately preceding the benefit year was subject to a disability compensable under the provisions of the "Temporary Disability Benefits Law,". . . [N.J.S.A. 43:21-25 et seq.], "base year" shall mean the first four of the last five completed calendar quarters immediately preceding the individual's period of disability, if the employment held by the individual immediately preceding the period of disability is no longer available at the conclusion of that period and the individual files a valid claim for unemployment benefits after the conclusion of that period. . . .   An individual who files a claim under the provisions of this paragraph . . . shall not be regarded as having left work voluntarily for the purposes of [N.J.S.A. 43:21-5(a)].

continues that "[t]he Board's failure to address those statutory and regulatory provisions, and determination based on [an] incorrect termination date, [were] arbitrary and unreasonable." Finally, he asserts that "due in some part to [him] unfairly being prohibited from participating in the . . . hearing," as well as the Tribunal's and the Board's failure "to seek significant relevant information from [Kelly,]" regarding "the terms and conditions of [his] disability leave" or his "qualifications" for "additional virtual jobs available during [his] disability leave," the matter should be remanded to the Board for further development of the record.

Our scope of review of an administrative agency's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Deference is afforded to the agency's fact-findings if reasonably based on the proofs. Ibid. "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). Although we are not bound by the agency's interpretation of the law, Utley v. Bd. of Review, Dep't of Labor, 194 N.J. 534, 551 (2008), "we 'defer to an agency's interpretation of both a

statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is plainly unreasonable,'" Ardan v. Bd. of Review, 231 N.J. 589, 604 (2018) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).  Thus, we will not disturb or reverse the agency's decision unless it was "arbitrary, capricious or unreasonable, or . . . [un]supported by substantial credible evidence."  Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001).

Here, we agree that based on the Tribunal's finding of fact, which was "affirmed and adopted" by the Board, that Aherne's separation from employment with Kelly occurred on January 31, 2017, the Board's determination that Aherne was disqualified for benefits as of May 15, 2016, was not supported by substantial credible evidence in the record.  Accordingly, we vacate the Board's decision and remand for further proceedings.  In light of our determination to remand, we need not address Aherne's remaining arguments at this time and make clear that nothing within this opinion forecasts any views on the merits of Aherne's claims.  We do note, however, that simple fairness compels further development of the record to address his disability arguments.

Vacated and remanded for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0454-17T1