**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1130-17T1

CHARLOTTE P. EILERTSEN,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and ROBERT L. LEUNG,

     Respondents.

_____

> Argued January 30, 2019 – Decided May 13, 2019
>
> Before Judges Accurso and Moynihan.
>
> On appeal from the Board of Review, Department of Labor, Docket No. 119,582.
>
> Kevin J. Mahoney argued the cause for appellant Charlotte Eilersten (Kreindler & Kreindler, LLP, attorneys; Charlotte Eilertsen, on the pro se briefs).
>
> Rimma Razhba, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Rimma Razhba, on the brief).

Respondent Robert L. Leung has not filed a brief.

PER CURIAM

Charlotte Eilertsen appeals from the Board of Review's decision affirming the Appeal Tribunal's denial of unemployment benefits and its finding that appellant voluntarily left her job without good cause attributable to her work. See N.J.S.A. 43:21-5(a). In her self-authored merits brief, appellant argues:

> POINT I
>
> THIS COURT SHOULD REMAND THIS MATTER FOR CONSIDERATION IN LIGHT OF THE NEW MANDATES OF MEDICAL GOOD CAUSE FROM ARDAN V. BOARD OF REVIEW AND ON IMMINENT DISCHARGE IN COTTMAN V. BOARD OF REVIEW
>
> POINT II
>
> THIS MATTER SHOULD BE REVERSED SINCE THE AGENCY DID NOT OFFER THE CLAIMANT A FAIR DETERMINATION OF HER CASE, AND MAKE ADEQUATE FINDINGS OF FACT, AND FAILED TO SATISFY CONSTITUTIONAL DUE PROCESS PROTECTIONS APPROPRIATE TO THE CASE AND THE REMEDIAL PROTECTIONS OF THE STATUTE.

Our review of administrative agency decisions is normally limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'"

Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "However, the exercise of such deference is premised on our confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute." Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001).

Neither the Tribunal nor the Board, however, made sufficient findings of fact in this matter. N.J.A.C. 1:12-18.1(b)(2) requires appeal tribunals to set forth in the second section of their decisions "Findings of Fact" which must include "among all the pertinent facts the date the claim was filed." (emphasis added). Here, the Appeal Tribunal, after reciting a brief procedural history,[1] set forth its limited findings pertaining to appellant's complaint that her employer, a dentist, installed a camera in her work area which was the "final straw" that prompted her to leave employment as a front-end office coordinator in the dental office: "The claimant was employed as a Front End Coordinator for the above-named employer from 9/12/1988 until 3/9/2017 when she left work because the employer had installed a camera in the area where the claimant worked." In its decision, the Appeal Tribunal concluded:

---

[1] That history should have been included in the first section of the decision. N.J.A.C. 1:12-18.1(b)(1).

> The claimant's leaving of the work because the employer installed a camera in her work area is not considered a cause sufficient enough to justify one leaving the ranks of the employed to join the ranks of the unemployed. The claimant left work voluntarily without good cause attributable to such work.

Those findings did not include all "pertinent facts." As appellant's counsel explained in her summation to the Tribunal, the employer's installation of "the camera, although it was the final hostile act, was not the sole reason why [appellant] left [her employment] as her testimony has indicated." That testimony included allegations that the dentist harassed and verbally abused her; "[p]retty much every day there was some kind of verbal abuse being said to me." Although appellant acknowledged her employer never used profanity, she testified that the dentist:

> was constantly degrading me, telling me I was making too many mistakes. He didn't like anything I was doing any longer. His practice was getting slow and he [felt] that . . . I was sabotaging it.
>
>   . . . .
>
> was just constantly degrading my work ethic. He was complaining about how fast I was working, the words that I was using, how I was interrupting with patients;

A-1130-17T1

to the point that the patients told me that they felt it was unfair how I was treated.[2]

. . . .

would always shake his head and mumble at things that I did. . . . He felt I wasn't working to my potential and stated that. . . . He . . . couldn't stand watching me on the computer. He kept asking me when I was going to get it. He . . . asked me . . . did I think I could get a job.

. . . .

stated that things had to be different. That he could no longer take what was going on in the practice, he needed a change.

. . . .

said to me . . . that he felt that I couldn't have a very good marriage if I could never shut up and listen, which I never do to him.

---

[2] The Appeal Tribunal allowed, over the employer's objection, written statements (exhibits D through H) from people who claimed to be patients, which were proffered to buttress appellant's harassment and abuse contentions. The Tribunal noted that it was disputed whether some of the people were patients with first-hand knowledge of their assertions and whether some people were biased. The Tribunal said the documents would "be afforded the weight that the (Inaudible) deems appropriate." Neither the Tribunal nor the Board further addressed those documents.

A-1130-17T1

The Tribunal addressed only appellant's complaint about the employer's installation of the camera. Appellant's testimony on that issue made clear that she viewed the camera as part of a continuing practice by the dentist:

> I just felt it was pointed at me, and I wanted to know what the reason was for that, why he was not trusting me after all these years of working for him,[3] and after being told that he didn't like the way . . . I worked; I was . . . no longer doing the job. . . . And, honestly, I felt that if that camera had been left there he would've seen the job that I was doing. But, by him doing that . . . I couldn't do it. I've been a victim of his verbal abuse and harassment, I feel for so long . . . his degradation . . . his bullying type of behavior, it was taking its toll on me mentally and physically.

Some of these facts were disputed. Of course, it was within the province of the Tribunal and the Board to accept or reject these facts. We still hold to the tenet that we may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one result. Brady, 152 N.J. at 210; De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 491 (App. Div. 1985). But appellant's claims had to be addressed and the Board must make those determinations. Judge Carchman's observations in Bailey are apt in this case:

---

[3] It was undisputed that appellant worked for her employer for twenty-eight and one-half years.

The Supreme Court addressed the issue of administrative fact-finding in In re Arbitration between New Jersey Bell Telephone Company v. Communications Workers of America, 5 N.J. 354 (1950), when it commented:

> It has been said that it is a fundamental of fair play that an administrative judgment express a reasoned conclusion. A conclusion requires evidence to support it and findings of appropriate definiteness to express it.
>
> [Id. at 375 (citation omitted).]

See also Lister v. J.B. Eurell Co., 234 N.J. Super. 64, 73 (App. Div. 1989) (requiring a "reasoned explanation based on specific findings of basic facts"). This was neither a complex nor extended hearing, but nevertheless required a careful analysis and the requisite findings to insure a just result. Fact-finding is just that. It is not a recitation of statutory citations but a clear and concise demonstration that the litigants have been heard and their arguments considered. Justice requires no less.

[Bailey, 339 N.J. Super. at 33.]

In Bailey, 339 N.J. Super. at 33, we could not overlook the Tribunal's and the Board's failure to "address, discuss, or make separate findings" on the issues. Likewise, here, we are constrained to remand this case to the Board to address those deficiencies.

7

Although the Tribunal and Board did not address appellant's arguments that she left work for medical good cause, relying on <u>Ardan v. Board of Review</u>,[4] and because her discharge was imminent, relying on <u>Cottman v. Board of Review</u>,[5] we do not require the Board to consider those discrete issues because we do not perceive sufficient support in the record for those claims. But the failure of both the Appeal Tribunal and the Board to discuss the proofs appellant presented that her employer harassed and verbally abused her over an extended period, culminating in the installation of the camera in her workspace, cannot be overlooked. Addressing only that last act in isolation denied appellant a fair hearing on her claim. Accordingly, we remand the matter to the Board to address appellant's claim. On remand, we direct the Board to consider the totality of the dentist's comments it finds to be credible and supported in making that determination.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] 231 N.J. 589 (2018).

[5] 454 N.J. Super. 166 (App. Div. 2018).