**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5378-17T4

OBADIAH TAYLOR,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 3, 2019 – Decided October 30, 2019

Before Judges Mayer and Enright.

On appeal from the New Jersey Department of Corrections.

Obadiah Taylor, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Obadiah Taylor, an inmate at New Jersey State Prison, appeals from an April 12, 2018 final administrative decision of the Department of Corrections (DOC), affirming a guilty finding by a disciplinary hearing officer and imposing sanctions. The hearing officer found petitioner guilty of prohibited acts *.803/*.306, attempting to disrupt or interfere with the security or orderly running of a correctional facility. See N.J.A.C. 10A:4-4.1(a). We affirm.

In 2017, the Special Investigations Division (SID) conducted an investigation of suspected "street-to-street" transactions among inmates at various State prison facilities. In a "street-to-street" transaction, inmates use individuals outside the prison to arrange for the transfer of money that is then used to fund illegal activities by the inmates, including the purchase of illegal drugs, cellular telephones, and other contraband. Such conduct violates the DOC's rules and regulations and interferes with the orderly running of the corrections facilities.

As part of the investigation, the SID recorded telephone calls in July 2017 made by petitioner to friends and family members, requesting money to finance suspected drug transactions. During those recorded communications, petitioner spoke cryptically to conceal the nature of the transactions.

In February 2018, the SID issued a report, detailing illegal drug transactions within various prison facilities. Based on that report, on February 8, 2018, petitioner was charged with committing prohibited acts *.803/*.306.

A disciplinary hearing was conducted. Petitioner and his counsel substitute were permitted to listen to the SID's recorded telephone calls. Petitioner did not testify at the hearing and did not cross-examine the Department's witnesses.

The hearing officer concluded petitioner was guilty of prohibited acts *.803/*.306 because the evidence offered by the SID showed petitioner employed associates outside the corrections facility to conduct illegal financial transactions. The hearing officer also found petitioner admitted to conduct designed to circumvent the institutional telephone monitoring system by speaking in a cryptic language to avoid detection of his illegal transactions.

The hearing officer recommended petitioner be sanctioned to 180 days' administrative segregation, 180 days' loss of commutation time, 30 days' loss of recreation privileges, and 365 days' loss of telephone privileges. The DOC affirmed the hearing officer's recommendation but modified the sanction, reducing the loss of telephone privileges to sixty days.

On appeal, petitioner contends the DOC's decision was arbitrary, capricious, and not supported by substantial credible evidence. In addition, he argues the disciplinary hearing violated his procedural due process rights.

Our review of an administrative agency decision is limited. Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009). We will not disturb an administrative agency determination absent a showing the decision was "arbitrary, capricious or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010) (citing Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001)). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We first examine petitioner's claim that the DOC violated his due process rights. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995) (establishing procedural safeguards to ensure prison disciplinary proceedings meet due process requirements for inmates facing disciplinary charges). An incarcerated inmate facing a disciplinary proceeding is not entitled to the full panoply of rights accorded to a defendant in a criminal prosecution. Avant v. Clifford, 67

4

N.J. 496, 522 (1975). An inmate is entitled to written notice of the charges prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, if the charges are complex, the assistance of counsel substitute. Id. at 525-33; see also N.J.A.C. 10A:4-9.1 to -9.28.

Having reviewed the record, and applying these principles, we are satisfied petitioner was afforded these procedural safeguards. He was given written notice of the charges within forty-eight hours after the SID issued its report and at least twenty-four hours prior to the disciplinary hearing. Petitioner, who had assigned counsel substitute, had the right to call witnesses and cross-examine the DOC's witnesses but declined to do so. He was allowed to listen to the SID's recorded telephone calls prior to the hearing. While petitioner was unable to review the confidential SID report, he reviewed a summary of the report in accordance with N.J.A.C. 10A:4-9.15(b).

We next consider petitioner's claim that the DOC's decision was arbitrary, capricious, and not based on substantial credible evidence. Based on our review of the record, petitioner's guilty determination was grounded in substantial and

A-5378-17T4

credible evidence, including the SID's report and petitioner's recorded telephone calls. Absent evidence presented by petitioner to the contrary, the DOC's determination was not arbitrary, capricious, or unreasonable.

We also agree that the infractions committed by petitioner undermined the security and orderly running of the corrections facility. Therefore the imposed sanctions, as modified, were appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-5378-17T4