**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0209-23

MICHAEL MARRARA,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted October 17, 2024 – Decided November 1, 2024

Before Judges Mawla and Vinci.

On appeal from the New Jersey Department of Corrections.

Michael Marrara, appellant pro se.

Mathew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Eric Intriago, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Michael Marrara appeals from the August 16, 2023 final agency decision of the Department of Corrections (Department) finding he was not entitled to public health emergency (PHE) credits under the Public Health Emergency Credits Act, N.J.S.A. 30:4-123.100 to -123.103. We affirm.

On July 11, 2018, Marrara was sentenced to twenty years in prison for first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, with concurrent sentences for other offenses. Marrara is currently incarcerated in East Jersey State Prison, and his maximum sentence expiration date is May 12, 2035.

On July 14, 2023, Marrara submitted an inquiry to the Department requesting "an explanation of why certain incarcerated persons were excluded" from the grant of PHE credits under the statute. On July 21, the Department responded that it "did not have any control over who received the credits" under the statute. In response, Marrara filed a grievance in which he requested "an explanation" of why the "[PHE] credits . . . were . . . distributed to only a select few incarcerated persons and not all who suffered under the pandemic" and further requested "an administrative remedy if one is available." On August 10, an Assistant Superintendent of the Department replied that the Department already responded to Marrara's inquiry regarding PHE credits.

2

On August 16, Marrara filed a final administrative appeal from that response. The same day, the Department replied that Marrara had "already been provided a response" and "[t]here is no remedy that can be provided" because "the rules for qualification were set by" the statute. This appeal followed.

On December 26, the Department filed an amplification of the record on appeal pursuant to Rule 2:5-1(d). It stated: "Marrara was ineligible for PHE[] credits . . . because he had a maximum sentence expiration date of [May 12, 2035]."

On appeal, Marrara raises the following point for our consideration.

> POINT I
>
> THE COMMISSIONER OF THE [DEPARTMENT] HAD THE ABILITY TO REMEDY THE UNCONSTITUTIONAL SANCTIONS WITHIN THE COVID-19 LEGISLATION, AND THE ADDITIONS TO THE NEW JERSEY ADMINISTRATIVE CODE, BUT FAILED TO DO SO.

"Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App.

3

Div. 2010) (citing Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001)).

Legal questions of statutory interpretation are reviewed de novo. Bowser v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 165, 170-71 (App. Div. 2018). "We may give 'substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing,' particularly when its interpretation involves a permissible construction of an ambiguous provision . . . ." Id. at 171 (quoting Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007)). "However, we are 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" Ibid. (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

We conclude the Department correctly determined Marrara was ineligible for PHE credits, and it did not have discretion to award PHE credits not authorized by the statute. "When a court construes a statute, its 'paramount goal' is to discern the Legislature's intent." In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 18 (2020) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). Appellate courts "'look first to the statute's actual language and ascribe to its words their ordinary meaning.'" Ibid. (quoting Kean Fed'n of Tchrs. v. Morell,

233 N.J. 566, 583 (2018)). "[T]he best indicator of [the Legislature's] intent is the statutory language, thus it is the first place we look." Ibid. (alterations in original) (internal quotation marks omitted) (quoting Richardson, 192 N.J. at 195). "'If the plain language leads to a clear and unambiguous result, then our interpretive process is over.'" Ibid. (quoting Richardson, 192 N.J. at 195).

N.J.S.A. 30:4-123.100(a) provides that whenever the Governor declares a public health emergency pursuant to the Emergency Health Powers Act, N.J.S.A. 26:13-1 to -36, the Department "shall award inmates [PHE] credits in accordance with this section if the public health emergency: (1) arises as a result of a communicable or infectious disease; and (2) results in substantial modifications to department-wide correctional facility operations." Subsection (b) provides "[PHE] credits shall be awarded to any inmate in the custody of the [Department] who: (1) is serving a sentence . . . ; and (2) is scheduled to be released from . . . custody . . . within 365 days." Subsection (f) provides, "[a]n inmate who was in the custody of the [Department] during the [p]ublic [h]ealth [e]mergency and [s]tate of [e]mergency declared by the Governor in Executive Order 103 of 2020 concerning the coronavirus disease 2019 pandemic shall receive [PHE] credits in accordance with this section."

A-0209-23

The Governor issued Executive Order (EO) 103 at the outset of the COVID-19 pandemic, declaring a public health emergency. Exec. Order No. 103 (Mar. 9, 2020), 52 N.J.R. 549(a) (Apr. 6, 2020). On February 11, 2022, the Governor issued EO 288, which extended the public health emergency for the last time and expired on March 13, 2022. Exec. Order No. 288 (Feb. 11, 2022), 54 N.J.R. 395(c) (Mar. 7, 2022).

Pursuant to the plain, unambiguous language of the statute, individuals are only eligible to receive PHE credits if a public health emergency exists when the individual is within 365 days of their release date. The COVID-19 public health emergency ended on March 4, 2022. Exec. Order. No. 292 (Mar. 4, 2022), 54 N.J.R. 511(a) (Apr. 4, 2022). Because Marrara's release date is May 12, 2035, he was not within 365 days of his release during a public health emergency and is therefore ineligible to receive PHE credits.

We are also convinced the Department correctly determined it does not have discretion to award PHE credits not authorized by the statute. The statute directs the Department to award PHE credits "in accordance with" the statute. It does not vest the Department with discretion to award PHE credits to individuals who do not qualify for credits under the statute.

We reject Marrara's constitutional challenges to the decision. His claims that the Department should have awarded him discretionary credits because the statue is unconstitutional and the Department violated the New Jersey Administrative Procedures Act (NJAPA), N.J.S.A. 52:14B-1 to -15, by "not rejecting the addition" of the unconstitutional statutory award of PHE credits at N.J.A.C. 10:A:9-5.1(c)(2) lack merit.

Marrara's claim that the statute violates the Equal Protection Clause of the United States Constitution and the right to equal protection conferred under Article 1, paragraph 1 of the New Jersey Constitution, see Doe v. Poritz, 142 N.J. 1, 94 (1995), because it distinguishes between classes of prisoners based on the offenses they committed and their release dates, is unavailing. A classification that does not impact a suspect class or impinge "upon a fundamental constitutional right will be upheld if it is rationally related to a legitimate government interest." Doe, 142 N.J. at 92 (citing Dandridge v. Williams, 397 U.S. 471, 487 (1970)).

The classification at issue here does not impinge upon a suspect class or fundamental constitutional right. See Merola v. Dep't of Corr., 285 N.J. Super. 501, 514-15 (App. Div. 1995) (finding classification "between inmates based on the severity of the crimes committed" does not implicate a suspect class).

A-0209-23

Therefore, the State need only show the classification was rationally related to a legitimate government purpose.

The legislative history of the statute shows it was intended to, "expedite the release of certain inmates who are approaching the end of their sentences in order to reduce the risk of harm to inmates and correctional facility staff, while simultaneously protecting the public safety."  S. Com. Comm. Statement to S. 2519 1 (July 23, 2020); see also Assemb. Budget Comm. Statement to S. 2519 1 (Sept. 22, 2020).

The Legislature's determination that certain individuals would be awarded PHE credits to reduce the risk of harm to inmates and correctional facility staff during the public health emergency, while simultaneously protecting the public safety, is plainly a distinction rationally related to a legitimate government interest.  We conclude therefore the statute does not violate Marrara's right to equal protection under the United States or New Jersey Constitutions.

Marrara's claim that the Department violated his due process rights because he was deprived of PHE credits to which he was entitled is without merit.  As discussed previously, he was not entitled to PHE credits.  Marrara's claim that the Department violated the NJAPA is not persuasive because the statute was not a product of administrative rulemaking and it is constitutional.

We conclude the Department correctly determined Marrara was not entitled to PHE credits. The Department properly exercised its considerable discretion in denying Marrara's request for an award of non-statutory credits and its decision was not arbitrary, capricious, or unreasonable.

To the extent we have not otherwise addressed appellant's arguments, it is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0209-23