**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1719-19T3

PETER WILSON,

     Plaintiff-Appellant,

v.

VANGUARD INVESTMENTS CORP.,
VANGUARD INVESTMENTS, LLC,
SARA GINDI, MAYER GINDI,
RE/MAX, LLC, RES REALTY, LLC,

     Defendants-Respondents,

and

MSLE GEMINI, LLC,

     Defendant.

_____

Submitted December 15, 2020 – Decided December 29, 2020

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2796-17.

John V. Salierno, attorney for appellant.

Susan B. Fagan-Rodriguez, attorney for respondents Vanguard Investments Corp., Vanguard Investments, LLC, Sara Gindi and Mayer Gindi.

Potter & Dickinson, attorneys for respondent RES Realty, LLC (Peter D. Dickson, on the brief).

PER CURIAM

Plaintiff Peter Wilson appeals from the Law Division's November 15, 2019 order denying his motion to vacate the dismissal of the complaint he filed against defendants in this dispute over a lease agreement. Because the motion judge failed to make any meaningful findings of fact or conclusions of law in support of his decision, we are constrained to reverse and remand for further proceedings.

In his August 24, 2017 complaint, plaintiff alleged that he entered into a lease agreement with defendants Vanguard Investments Corp. and Vanguard Investments, LLC for a residence located in the Township of Wayne. Defendants Sara Gindi and Mayer Gindi are officers of Vanguard.[1] Plaintiff asserted the premises were offered for rent to him by two realtors, defendant MSLE Gemini, LLC, d/b/a Century 21 Gemini (Gemini) and defendant RES Realty, LLC, d/b/a RE/Max Properties Unlimited, a subsidiary of RE/Max, LLC

---

[1] We will refer to Vanguard Investments Corp., Vanguard Investments, LLC, and Sara and Mayer Gindi collectively as the Vanguard defendants.

(RES Realty). According to his complaint, plaintiff later learned that the residence did not have a certificate of occupancy and, as a result, the Township padlocked the property and forced him to leave. In his complaint, plaintiff sought damages against defendants on a number of different grounds not relevant to the present appeal.

Plaintiff served the complaint upon all of the defendants. However, the Vanguard defendants did not file a timely answer.

Gemini served interrogatories and other discovery requests upon plaintiff, but he failed to respond. The Vanguard defendants and RES Realty did not request any discovery from plaintiff.

Due to plaintiff's failure to answer its discovery demand, Gemini filed a motion to dismiss plaintiff's complaint against it. Plaintiff did not oppose the motion, and the trial court granted it on October 12, 2018. Although only Gemini had sought discovery from plaintiff, the order stated: "Plaintiff's Complaint is hereby Dismissed Without Prejudice for Failure to Answer Interrogatories and Provide Responses to Request for Production of Documents."

Plaintiff never sought to vacate this order and did not provide Gemini with the discovery it requested. Therefore, Gemini filed a motion in which it

3

requested that plaintiff's "[c]omplaint and affirmative claims against [Gemini] be dismissed with prejudice pursuant to R. 4:23-5(a)(2)." Thus, Gemini was clearly seeking only a dismissal of plaintiff's claims against it. Plaintiff did not oppose Gemini's motion and none of the other defendants filed anything with the court concerning it.

The trial court granted Gemini's motion on January 11, 2019. This order stated "that the Complaint and all affirmative claims by [plaintiff] are Dismissed With Prejudice for failing to provide discovery answers in accordance with R. 4:23-5(a)(2)." Because Gemini was the only party that had requested discovery, plaintiff interpreted the order as dismissing only his claims against Gemini, which is the specific relief Gemini sought in its motion.

The Vanguard defendants had still not responded to plaintiff's complaint and plaintiff had not yet served a notice of default upon those defendants. Accordingly, the clerk's office sent plaintiff a notice on December 28, 2018 stating that the matter would be dismissed on February 26, 2019 for lack of prosecution.

On March 22, 2019, plaintiff filed a motion to enter a default judgment against the Vanguard defendants. Thereafter, the Vanguard defendants entered an appearance and requested an adjournment.

4

On April 15, 2019, the trial court issued an order denying plaintiff's motion to enter a default judgment against the Vanguard defendants. The judge issuing this order stated that an order had been entered on February 26, 2019 dismissing the complaint against the Vanguard defendants for plaintiff's lack of prosecution. Plaintiff alleged he never received the February 26, 2019 order.

On May 13, 2019, this same judge issued a sua sponte order vacating the April 15, 2019 order. This order also granted plaintiff's motion to enter a default judgment against the Vanguard defendants. This order, like all the other orders that had come before it, was not accompanied by any findings of fact or conclusions of law.

The next day, the clerk's office scheduled the matter for trial between plaintiff and RES Realty. Both of these parties appeared for trial on June 24, 2019, but the matter was adjourned after a conference with the court.

The Vanguard defendants filed a motion to vacate the May 13, 2019 sua sponte order. While that motion was pending, the clerk's office scheduled the trial between plaintiff and RES Realty for September 3, 2019.

On July 12, 2019, the judge granted the Vanguard defendants' motion to vacate the May 13, 2019 order that had entered a default judgment against them. In a one-sentence explanation contained in the order, the judge wrote that the

default judgment was not appropriate because "[p]laintiff's [c]omplaint was dismissed with prejudice on January 11, 2019, therefore any subsequent motions or orders filed by . . . [p]laintiff are null and void."

On September 3, 2019, plaintiff appeared for trial regarding his claims against RES Realty. At the end of the calendar call, a clerk advised plaintiff that the trial had been cancelled. Although no reason was given for the cancellation, plaintiff surmised it was because of the court's interpretation of the January 11, 2019 order as dismissing all of plaintiff's claims against all of the defendants, rather than just an order dismissing his claims against Gemini.

Plaintiff's attorney recounted the complete procedural history of this matter in a motion he filed seeking to reinstate the complaint. Again, plaintiff argued that the January 11, 2019 dismissal only applied to Gemini, which was the only party that had sought discovery or the dismissal of the complaint.

The motion was assigned to a different judge (the motion judge), who denied it on November 15, 2019. Like his predecessor, the motion judge did not provide plaintiff with any reasonable explanation of the reasons for this decision. Instead, the motion judge merely wrote at the bottom of the order: "Application denied. Seriously? This is out of time." The motion judge did not make any findings of fact concerning plaintiff's contentions, state what specific

6

arguments he considered, or explain his conclusions of law in connection with his terse and dismissive ruling.  This appeal followed.

On appeal, plaintiff again asserts that the January 11, 2019 order only dismissed his claims against Gemini, which was the only defendant who sought this relief.  He argues that his claims against the Vanguard defendants and RES Realty remained viable, as evidenced by the fact that the first judge entered a default judgment against the Vanguard defendants in the May 13, 2019 order, and the court clerk twice scheduled trials between plaintiff and RES Realty.  However, we are unable to review these contentions because the trial court ignored its duty to make adequate findings of fact and conclusions of law.

No one – not the parties and not this court – can properly function or proceed without some understanding of why a judge has rendered a particular ruling.  See Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (requiring trial court to clearly state its factual findings and correlate them with the relevant legal conclusions).  The failure to provide findings of fact and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court." Ibid. (quoting Kenwood Assocs. v. Bd. of Adjustment, Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).  As we recently stated, "our function as an appellate court is to review the decision of the trial court, not to decide the

motion tabula rasa." Estate of Doerfler v. Federal Ins. Co., 454 N.J. Super. 298, 301 (App. Div. 2018).

Like every other case that comes before our courts, the resolution of this matter "required a careful analysis and the requisite findings to insure a just result." Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001). Here, the motion judge did not review any of the lengthy and unique procedural history of this matter in his extremely brief order. While the motion judge cryptically stated that plaintiff's application was "out of time," he did not even identify what statute or court rule he applied to make that determination.

This case cried out for "a clear and concise demonstration that [plaintiff] had been heard and [his] arguments considered." Ibid. Because this did not occur, we reverse the November 15, 2019 order. We remand this matter with the direction that the trial court consider plaintiff's contentions anew, together with any responses filed by the Vanguard defendants and RES Realty, and make detailed findings of fact and conclusions of law on all the issues raised. In addition, in light of the motion judge's comments in the November 15 order, we direct that the matter be considered by a different judge on remand. See R. 1:12-1(d) (stating that a judge "shall not sit in any matter if the judge . . . has given an opinion upon a matter in question in the action").

A-1719-19T3

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION