**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1310-20

RANDY FERNANDEZ,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 19, 2022 – Decided January 26, 2022

Before Judges Rothstadt and Mayer.

On appeal from the New Jersey Department of Corrections.

Randy Fernandez, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Michele M. Solari, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Randy Fernandez, an inmate at Mid-State Correctional Facility, appeals from a December 17, 2020 final agency decision by respondent New Jersey Department of Corrections (Department), upholding an adjudication and sanctions against him for prohibited acts *.803, committing a prohibited act, and *.205, attempting to commit misuse of authorized medication. Because the Department failed to accord Fernandez his due process rights before finding him guilty and imposing punishment, we vacate and remand for further proceedings.

The facts are undisputed. On December 7, 2020, while monitoring a suboxone medication line at the prison, a prison officer observed Fernandez's tongue had a blue or green discoloration.[1] The officer instructed Fernandez to leave the medication line and return once his tongue was no longer discolored. According to the officer, inmates were not permitted to eat or drink anything for thirty minutes prior to administering suboxone to avoid interfering with the test strips. The officer charged Fernandez with committing prohibited acts *.803 and *.205.

Before the hearing officer, Fernandez pleaded not guilty to the charges. Fernandez asked to submit a copy of the policy he obtained from the doctor

---

[1] As he had done many times prior to that date, Fernandez waited in line for medication to treat his drug addiction and withdrawal symptoms.

staffing the prison's medical department in support of his contention inmates received no rule, policy, or other information regarding discoloration of an inmate's tongue or mouth prior to receiving medication. He also requested permission to call the officer and doctor assigned to the prison's medical department as witnesses regarding the charges. The hearing officer declined to accept a copy of the policy as evidence or allow Fernandez to call the two requested witnesses. Nor did the hearing officer allow Fernandez to submit mitigating evidence showing his continuous compliance with the prison's policies and procedures. After considering the limited evidence and the arguments, the hearing officer found Fernandez guilty and imposed sanctions.[2]

Fernandez administratively appealed the hearing officer's determination to the Department. The Department upheld the guilty findings and sanctions imposed.

On appeal, Fernandez contends the prison provided no notice of any newly adopted policy regarding administration of suboxone if an inmate had a

---

[2] If Fernandez pleaded guilty to the charges, the hearing officer explained he would be eligible to participate in a Drug-Diversion program and the charges would be suspended. After being found guilty of both charges, Fernandez accepted the Drug-Diversion program to avoid the imposed sanctions.

A-1310-20

discolored tongue or mouth. Because there was no notice of such a rule, Fernandez asserts he was denied due process. We agree.

"[A]n appellate court will not disturb the ultimate determination of an agency unless it was arbitrary, capricious or unreasonable or it was not supported by substantial credible evidence in the record as a whole." Moore v. Dep't of Corr., 335 N.J. Super. 103, 110 (App. Div. 2000). "However, the exercise of such deference is premised on our confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute." Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001).

Reviewing courts "insist that the agency disclose its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken." Balagun v. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003). See also Blyther v. Dep't of Corr., 322 N.J. Super. 56, 63 (App. Div. 1999) (stating that an agency must provide its reasons "with particularity"). Our review is not "perfunctory[,]" nor is "our function . . . to merely rubberstamp an agency's decision[.]" Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010). Rather, "our function is 'to engage in a careful and principled consideration of the agency record and

4

findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). A hearing officer's findings must be "sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order." Lister v. J.B. Eurell Co., 234 N.J. Super. 64, 73 (App. Div. 1989).

"[P]arties and the court are entitled to know the precise factual basis upon which the result has been reached." Cunningham v. Dep't of Civil Serv., 69 N.J. 13, 26 (1975). Courts "should not be forced to speculate as to the rational basis of the conclusion." Ibid. "We cannot accept without question an agency's conclusory statements, even when they represent an exercise in agency expertise." Balagun, 361 N.J. Super. at 202-03.

Here, the Department failed to explain the reasons for rejecting Fernandez's due process right to present certain evidence and testimony. An officer in the prison's medical department and a doctor staffing that department confirmed no notification was given to inmates about reporting to the medical line to receive medication with discoloration of the mouth or tongue. The hearing officer never explained why Fernandez could not offer their testimony. Nor did the hearing officer explain why Fernandez could not offer a copy of

A-1310-20

medical policy subsequently obtained from the medical department to support his contention that inmates had no notice of any such policy.

Under N.J.A.C. 10A:4-3.1(a)(2), "[inmates] have the right to be informed of the rules, procedures and schedules concerning operation of the correctional facility." Although Fernandez attempted to present evidence to the hearing officer that he never received notice of a policy prohibiting discoloration of his tongue prior to receiving medication, the hearing officer declined to consider the proffered evidence. Thus, we are unable to resolve the matter on appeal based on this record. See Pressler & Verniero, Current N.J. Court Rules, cmt. 7.3 on R. 2:10-2 (2021) ("When the record is insufficient for an appellate court to discharge its function, a remand to the . . . agency may be warranted.").

In its brief, the Department requests a remand under Rule 2:9-1 to "reconsider whether the *.803/*.205 charge against Fernandez is supported by the record, and if not, to vacate the charges and sanctions." In his reply brief, Fernandez supports the Department's request for a remand.

Because the Department did not adequately explain why the evidence offered by Fernandez was not permitted, we are compelled to remand to the Department to reconsider the charges after reviewing all relevant and admissible evidence. The Department shall reconsider Fernandez's administrative appeal

A-1310-20

within thirty days and promptly issue a decision, including specific reasons in support of its decision, after the remand proceeding. Depending on the outcome of the Department's reconsideration determination, the agency should address any privileges Fernandez lost while his appeal was pending.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1310-20