**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2327-20

MUSTAFAA SHABAZZ,

     Complainant-Appellant,

v.

COMMUNITY REALTY
MANAGEMENT and NORTH
25 URBAN RENEWAL
PRESERVATION LP,

     Respondents-Respondents.

_____

Submitted March 16, 2022 – Decided July 27, 2022

Before Judges Accurso and Enright.

On appeal from the New Jersey Division on Civil
Rights, Docket No. HA19HW-68070.

Mustafaa Shabazz, appellant pro se.

Margolis Edelstein, attorneys for respondents
Community Realty Management and North 25 Urban
Renewal Preservation LP (Kyle L. Wu, of counsel and
on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent Division on Civil Rights (Sookie Bae, Assistant Attorney General, of counsel; Farng-Yi D. Foo, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Mustafaa Shabazz, a tenant in an apartment complex owned by defendant North 25 Urban Renewal Preservation LP, appeals from a March 8, 2021 final decision of the New Jersey Division on Civil Rights finding no probable cause for Shabazz's claims that North 25 and its building manager, defendant Community Realty Management, violated the Law Against Discrimination, N.J.S.A. 10:5-1 to -49, in their dealings with him.[1] We affirm, essentially for the reasons expressed in the Division's comprehensive and well-reasoned decision.

Plaintiff, a Vietnam War veteran, has been a tenant of North 25 Apartments, a federally subsidized, affordable living complex in Trenton renting to seniors and persons with disabilities, since September 2016. He is legally blind and describes himself as having "several disabilities and other

---

[1] Although plaintiff references the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, throughout his brief, he alleged defendants violated the LAD, not the ADA, in his verified complaint to the Division.

serious health related problems" necessitating daily visits by home health aid workers, as well as family and friends to assist him in managing his care.

In August 2018, plaintiff alleges he began to have "verbal communication problems" with management "due to staff not being adequately trained and supervised in addressing the problems of tenants with disabilities." His dissatisfaction with the building management not having abated, in July 2019, plaintiff began to communicate his complaints in writing. In August, defendants acceded to his request that management communicate with him by telephone or email in addition to providing him written notice regarding the annual income recertification process as an accommodation for his vision impairment. Plaintiff documented several other complaints, including that management was abusive and neglectful and that defendants' March 2020 COVID-19 restrictions on visitors in the building were preventing necessary access by his healthcare workers.

In September 2020, plaintiff filed a verified complaint with the Division on Civil Rights alleging defendants refused his caregiver access to the building to assist him with his various medical conditions, denied his accommodation request to have notices sent by email and subjected him to discriminatory terms and conditions in services. The Division investigated his allegations and

3

found no probable cause to believe defendants had discriminated against plaintiff based on his disability.

Specifically, in a comprehensive decision detailing its investigation into plaintiff's complaints, the Division concluded defendants did not single plaintiff out in denying him visitors. Instead, it found defendants put in place "a blanket policy restricting all tenants' rights to have non-essential visitors" in response to the COVID-19 pandemic. Noting plaintiff resided in "an over 55 building with many individuals with disabilities," the Division did not find the policy had a disparate impact on tenants with disabilities nor that defendants had applied the policy to plaintiff in a manner different from other residents.

As to denying his caretaker access, the Division found only that one healthcare worker was delayed in entering the building on one occasion "due to an issue with the caretaker's identification." Following plaintiff providing the names of his caretakers to security at the front desk, the problem had apparently not recurred. The Division found defendants had agreed to accommodate plaintiff as he had requested regarding notifications relating to his recertification based on documents submitted by the parties, and it found no evidence that defendants had harassed him based on his disability.

4

Our review of administrative agency actions is, of course, limited. In re Herrmann, 192 N.J. 19, 27 (2007). We do not independently assess the evidence in the record as if we were the court hearing it in the first instance. In re Taylor, 158 N.J. 644, 656 (1999). We will not upset an agency's final quasi-judicial decision absent a "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. at 27-28.

Applying those standards here, plaintiff has provided us no basis on which to overturn the Division's decision that the investigation did not support plaintiff's claims of disability discrimination. Although he contends we need not apply our usual deference to agency action here based on the Division's "lack of critical analysis" of the allegations of plaintiff's verified complaint and the Director's uncritical acceptance "of the excuses offered" by defendants for their conduct, he does not point to any flaws in the Division's investigation that would permit us to do so. There is simply nothing in the record to shake "our confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute." See Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2327-20