**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3628-21

KASHIF H. HASSAN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 20, 2024 – Decided April 11, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the New Jersey Department of Corrections.

Kashif H. Hassan, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Dorothy M. Rodriquez, Deputy Attorney General, on the brief).

PER CURIAM

Kashif H. Hassan is an inmate in a New Jersey state prison. He appeals from a final decision of the New Jersey Department of Corrections (NJDOC) finding him guilty of committing prohibited act *.009, misuse, possession, sale, or intent to distribute or sell an electronic communication device—a cellphone—and imposing various sanctions, N.J.A.C. 10A:4-4.1(a)(1)(viii). Having considered the arguments presented in light of the applicable law, we affirm NJDOC's determination Hassan is guilty of prohibited act *.009, vacate the sanctions imposed, and remand for further proceedings.

On June 4, 2022, NJDOC served Hassan with a disciplinary report charging him with prohibited act *.009. The report explained that on June 3, 2022, NJDOC officers had found a box of envelopes in Hassan's cell. An x-ray of the box showed a cellphone had been secreted in the envelopes. When he received the report on June 4, 2022, Hassan immediately admitted ownership of the cellphone. He also explained the cellphone did not belong to his cellmate.

At his June 8, 2022 hearing on the charge, Hassan appeared with an assigned counsel substitute. Hassan declined the opportunity to present witnesses and refused to provide a verbal statement. He presented a written statement admitting the cellphone was his, explaining the phone had been used only to speak with family members, and claiming the phone had not been "use[d]

2

for illegal purposes." In his written statement, Hassan "plea[ded] guilty to possessing the cellphone in [his] cell." During the hearing, Hassan's counsel substitute also asserted the pending charge was Hassan's "first serious charge."

The hearing officer found Hassan guilty of prohibited act *.009. The hearing officer further imposed the following sanctions: 200 days in a Restorative Housing Unit (R.H.U.); 365-day's loss of phone privileges; 365-day's loss of commutation time; and thirty-day's loss of other institutional privileges.[1] The hearing officer offered the following reasons for the sanctions imposed: Hassan took responsibility for his actions; Hassan did not provide any "statements"; and Hassan "needs to learn to follow rules." The hearing officer also noted Hassan had no history of mental illness.

Hassan appealed, but only from the hearing officer's sanctions. In a statement supporting the appeal submitted by his counsel substitute, Hassan argued the sanctions were discriminatory, excessive, and disproportionate to those imposed on other inmates who had been found guilty of the identical offense. Hassan also asserted he had immediately taken responsibility for the phone after it was found, he had explained to the hearing officer he had used it

_____

[1] As listed on the June 8, 2022 Adjudication of Disciplinary Charge report, the hearing officer's sanctions included a thirty-day loss of "LORP," "Canteen," "Visits," "Jpay," and "Kiosk."

A-3628-21

only to speak to his family, and he had only one previous charge—related to possessing "too many postage stamps"—during the prior eight years he had served his sentence.

As to his claim the sanctions imposed were "grossly disproportionate when compared to every other person" who had been found guilty of the same charge, Hassan argued the hearing officer had imposed a 200-day sanction to the R.H.U., while other inmates—Terrel, Lopez, and Deleon—had also been found guilty of prohibited act *.009 but received disproportionately less R.H.U. sanctions. More particularly, Hassan asserted Terrel received only a suspended 90-day R.H.U. sanction, and Lopez and Deleon had each received a 100-day R.H.U. sanction, which is one-half the sanction the hearing officer imposed on Hassan.

Hassan further noted that Lopez had been found guilty of numerous other charges during the year prior to Lopez's commission of the prohibited act *.009 offense for which he had received the suspended R.H.U. sanction. And, according to Hassan, Deleon had been found with multiple cellphones, yet he received one-half the R.H.U sanction the hearing officer imposed on Hassan.

Hassan also asserted the hearing officer had imposed on him a 365-day loss of phone privileges, but Lopez had not received any loss-of-phone-privilege

 A-3628-21

sanction and Terrel and Deleon had received only a 100-day loss-of-phone-privilege sanctions. Indeed, Hassan argued his 365-day loss of phone privilege sanction was longer than the combined sanctions imposed on the other three inmates. Hassan argued "[t]his disparity simply cannot be allowed to stand" by NJDOC.

In its July 7, 2022 final decision, NJDOC upheld the hearing officer's decision and offered the following limited and general findings supporting its decision: "The possession of a cell phone is strictly prohibited in all NJDOC facilities. [Hassan's] actions create a risk to the safety and security of the institution. The sanction provided was proportionate to the offense. No leniency will be afforded to [Hassan]." This appeal followed.

In his merits brief, Hassan presents the following arguments for our consideration:

> POINT I
>
> THE DISCIPLINARY HEARING OFFICER VIOLATED [HASSAN'S] DUE PROCESS RIGHTS[] WHEN SHE IMPOSED SANCTIONS TWO AND THREE TIMES GREATER THAN THE SANCTIONS IMPOSED ON OTHERS SIMILARLY SITUATED, FOUND GUILTY OF THE SAME PROHIBITED ACT AT THE SAME TIME, WHEN SAID SANCTIONS WERE NOT BASED ON SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

POINT II

THE HEARING OFFICER DID NOT PROVIDE A BASIS IN THE RECORD [FOR] WHY SHE RECOMMENDED "ENHANCED SANCTIONS," NOR DO GUIDELINES EXIST TO EXPLAIN HOW AND/OR WHAT CONDITIONS PREC[E]DENT MUST EXIST TO SUPPORT A RECOMMENDATION FOR "ENHANCED SANCTIONS."

POINT III

THE PRISON CLASSIFICATION COMMITTEE (P.C.C.) DID NOT PROVIDE A BASIS FOR IMPOSING "ENHANCED SANCTIONS," NOR DO WRITTEN GUIDELINES EXIST EXPLAINING HOW OR WHEN "ENHANCED SANCTIONS" ARE WARRANTED.

In his reply letter brief, Hassan also argues:

POINT I

THE [NJDOC'S] RESPONSE DOES NOT ADDRESS [HASSAN'S] CLAIM THAT THE PUNISHMENT GIVEN TO HIM IS DISPROPORTIONATE TO THE PUNISHMENT GIVEN TO OTHERS SIMILARLY SITUATED, BY THE SAME HEARING OFFICER, GUILTY OF THE SAME PROHIBITED ACT, IN THE SAME TIME FRAME. [HASSAN] CLAIMS THIS DISPARITY IS A VIOLATION OF DUE PROCESS AND SHOULD BE MODIFIED.

Our review of a final agency decision is "limited." Zimmerman v. Diviney, 477 N.J. Super. 1, 14 (App. Div. 2023). We determine only: "(1)

6

whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).

In any event, "our review is not 'perfunctory,' nor is 'our function . . . merely [to] rubberstamp an agency's decision[.]'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 239 (App. Div. 2019) (alterations in original) (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)). Rather, "[w]e are constrained to engage in a 'careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)).

In our review of a NJDOC determination imposing discipline for the commission of a prohibited act, we must consider both whether there is substantial credible evidence the inmate committed the act and whether, in making its decision, the NJDOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995). We are also mindful that "[a] state agency rendering a final agency decision must explain the specific reasons for its determination." In re Orban/Square

Props., LLC, 461 N.J. Super. 57, 77 (App. Div. 2019). The "[NJDOC] is not immune" from the requirement that an agency "adequately set forth its rationale in support of a final determination." Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 122-23 (App. Div. 2002).

Prohibited act *.009 is defined as a Class A offense under NJDOC regulations. See N.J.A.C. 10A:4-4.1(a)(1)(viii). Class A offenses are the "most severe" of the five classes of prohibited acts that might be committed by a prison inmate. Ibid.

The NJDOC regulations set forth the parameters for the sanctions that may be imposed for the commission of a Class A prohibited act. More particularly, the authorized sanctions for committing a Class A prohibited act include up to fifteen days in an Adjustment Unit, up to 365 days in a R.H.U. "per incident, and one or more of the sanctions listed at N.J.A.C. 10A:4-5.1(e)."[2] N.J.A.C. 10A:4-4.1(a)(1). Thus, in addition to the sanctions for a Class A prohibited act

---

[2] N.J.A.C. 10A:4-4.1(a)(1) further provides that an inmate found guilty of a Class A prohibited act shall not receive a R.H.U. sanction if a medical or mental health professional determines that an inmate is not appropriate for R.H.U. placement. That portion of the regulation, however, is inapposite to Hassan's claim, because no such finding concerning him was made by a mental or mental health professional.

set forth in N.J.A.C. 10A:4-4.1(a)(1), the regulation incorporates by reference additional sanctions set forth in N.J.A.C. 10A:4-5.1(e).

The additional "less restrictive sanctions" that may be imposed under N.J.A.C. 10A:4-5.1(e) include:

1. Loss of one or more correctional facility privileges up to [thirty] calendar days;

2. Loss of commutation time up to 365 calendar days, subject to confirmation by the Administrator (inmates serving indeterminate sentences do not earn commutation time and are therefore not subject to this sanction);

3. Loss of furlough privileges for up to two months;

4. Up to two weeks confinement to room or housing area;

5. Any sanction prescribed for On-The-Spot Correction (see N.J.A.C. 10A:4–7);

6. Confiscation;

7. Up to [fourteen] hours extra duty, to be performed within a maximum of two weeks; and/or

8. Loss of tablet or similar handheld electronic device for up to [thirty] calendar days.

[N.J.A.C. 10A:4-5.1(e)(1) to (8).]

N.J.A.C. 10A:4-5.1(t) further provides for more severe additional sanctions "when approved by the Institutional Classification Committee upon

9

the recommendation of the Disciplinary Hearing Officer/Adjustment Committee or the Administrator or designee." Pertinent here, "such administrative action may include, but not be limited to . . . [r]ecommending loss of telephone, radio, television, and/or tablet or similar handheld electronic device privileges for up to one year[.]" N.J.A.C. 10A:4-5.1(t)(6). As noted, the hearing officer imposed a 365-day loss of telephone privileges as a sanction under N.J.A.C. 10A:4-5.1(t)(6) for Hassan's commission of prohibited act *.009.[3]

Hassan argues the hearing officer and NJDOC erred by failing to provide reasons for the sanctions imposed on him. He also claims the sanctions were excessive and disproportionate because they greatly exceeded those imposed on other inmates who were found guilty of prohibited act *.009 at times in close temporal proximity to his offense and the hearing officer's determination he committed the offense. We consider Hassan's arguments in turn.

N.J.A.C. 10A:4-9.17(b) provides that disciplinary sanctions imposed as the result of an inmate's commission of a prohibited act shall be in accord with the schedule of sanctions under N.J.A.C. 10A:4-5. The sanctions "may be individualized by considering such factors as the":

---

[3] The record on appeal does not include any evidence the Institutional Classification Committee approved Hassan for a sanction under N.J.A.C. 10A:4-5.1(t) or the reasons for such an approval.

10

1. Offender's past history of correctional facility adjustment;

2. Setting and circumstances of the prohibited behavior;

3. Involved inmate's account;

4. Correctional goals set for the inmate; and

5. The inmate's history of, or the presence of, mental illness.

[N.J.A.C. 10A:4-9.17(a)(1) to (5).]

As we explained in Malacow v. New Jersey Department of Corrections, the imposition of the sanctions authorized in the NJDOC regulations "is left 'entirely to the discretion of the [hearing officer].'" 457 N.J. Super. 87, 97 (App. Div. 2018) (quoting Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378 (App. Div. 2016)). Where the NJDOC finds an inmate guilty of a prohibited offense and imposes a sanction, basic due process principles require that the NJDOC provide the inmate with "a written statement of the fact-findings . . . as to the evidence relied upon, decision and the reason for the disciplinary action taken unless such disclosure would jeopardize institutional security." Id. at 93-94 (quoting Avant v. Clifford, 67 N.J. 496, 533 (1975)).

For an inmate disciplinary sanction to be appropriate, "it is not enough that the [sanction] be within the maximum limits set forth in the Administrative

Code." Mejia, 446 N.J. Super. at 379. The hearing officer and the NJDOC must provide "an articulation of sanctioning factors." Malacow, 457 N.J. Super. at 97. Without it, "we have no way to review whether a sanction is imposed for permissible reasons and is located at an appropriate point within the allowable range" of those authorized by the regulations. Ibid. (quoting Mejia, 446 N.J. Super. at 379).

Here, the hearing officer imposed significant, and in some instances the maximum, sanctions on Hassan based on his admitted commission of the prohibited *.009 offense. And the sanctions imposed included a maximum sanction of 365-days loss of telephone privileges that required the approval of the Institutional Classification Committee under N.J.A.C. 10A:4-5.1(t)(6). The hearing officer's stated reasons offer no support for the sanctions imposed or the basis for the hearing officer's decision to impose severe sanctions at the upper limits of the ranges authorized by the regulations.

The reasons offered by the hearing officer included that Hassan had taken responsibility for his actions—a finding that supports the imposition of lesser, rather than more severe, sanctions. An additional reason provided for the sanctions was that Hassan "provided no statements," but that is inaccurate because the record included a written statement submitted by Hassan in which

12

he took responsibility for the cellphone and asserted it had been used solely for communicating with his family. The only other finding supporting imposition of the sanctions was that Hassan needed to learn to follow the rules, but that is true of any inmate who has committed a prohibited act and faces the imposition of sanctions. As such, it "does not explain why the[] particular sanctions were imposed instead of different permissible sanctions." Malacow, 457 N.J. Super. at 94.

In all situations where the sanctions imposed following an inmate's commission of a prohibited act exceeds the minimum sanction required under NJDOC regulations, "an inmate is entitled to individualized reasons for the specific sanctions imposed." Id. at 96-97. NJDOC did not provide Hassan with such an explanation here. We therefore vacate the sanctions imposed and remand for their consideration anew. The determination of sanctions on remand shall be accompanied by a statement of the findings of fact supporting the sanctions.[4] Ibid. Such findings are required to "'provide notice of those facts to all interested parties to ensure that the [NJDOC] acted within the scope of its

---

[4] Any sanctions imposed pursuant to N.J.A.C. 10A:4-5.1(t) shall also be accompanied by findings of fact and a statement of reasons supporting the sanctions and shall also include an explanation of the Institutional Classification Committee's recommendation and the reasons for it.

authority and facilitate appellate review." Id. at 97 (quoting In re Issuance of Permit by Dep't of Env't Prot., 120 N.J. 164, 172-73 (1990)).

We also direct that any findings supporting the imposition of sanctions on remand shall address Hassan's claim that the sanctions imposed by the hearing officer, and adopted by NJDOC, are excessive and disproportionate to other inmates who were found guilty of the same prohibited act. "A bedrock principle of fair punishment is that it be meted out the same to individuals similarly situated." Mejia, 446 N.J. Super. at 378. Hassan argued the sanctions imposed were excessive and disproportionate in his appeal to the NJDOC, but the argument was not addressed and NJDOC made no findings concerning it. The argument shall be considered and addressed on remand, and any decision concerning the claim shall be supported by appropriate findings of fact and an explanation of the reasoning underlying NJDOC's final agency decision to provide Hassan with the information to which he is entitled and this court with an appropriate record in the event of future appellate review. See Malacow, 457 N.J. Super. at 97 (quoting Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001)) (explaining we "defer to an agency's determination when we have 'confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute'").

In sum, we affirm the NJDOC's determination Hassan is guilty of prohibited act *.009. We vacate the sanctions imposed and remand for reconsideration of the sanctions in accordance with this opinion.

Affirmed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3628-21