**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1831-24

DARRYL DAVIS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 21, 2026 – Decided May 8, 2026

Before Judges Gilson and Vinci.

On appeal from the New Jersey Department of Corrections.

Darryl Davis, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Elizabeth Micheletti, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Darryl Davis, self-represented, appeals from a November 18, 2024 final decision of the Department of Corrections (Department) finding his grievance alleging he was unable to make certain toll-free telephone calls from the Department's Special Treatment Unit (STU) where he resides was appropriately investigated and closed. We affirm.

Davis is civilly committed to the STU under the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38. On October 17, 2024, Davis submitted an inquiry to the Department "about the abundance of payphones being blocked by [the third-party telephone service provider] Verizon." Specifically, he alleged that he was no longer able to contact Ring Central to make pre-paid telephone calls using the toll-free number he had used for many years. He alleged "Ring Central . . . confirmed through[] [a] test that the[y] conducted that the [block] was in fact V[erizon]." He asked the Department to "look into this problem."

On October 21, the Department asked Davis to "provide the phone numbers and location o[f] the phone and the exact issue." On October 25, Davis filed a grievance stating "[t]here is [n]othing wrong with the phones physically . . . that [he] was complaining about" and his "complaint was about the access to the toll-free telephone numbers." He repeated his allegation that

"V[erizon] has them blocked" and asked the Department "to intercede[] and ask them to remove it."

In response to his grievance, the Department investigated and on October 28, advised Davis that he was "able to make toll[-]free calls from [his] unit" and he "should check the numbers [he was] trying to call." The Department then closed the grievance.

On October 30, Davis appealed the decision to close his grievance. He asserted "with a great degree of certainty that it [was] Verizon that . . . blocked" the number because he had "been in contact with Ring Central and if they say that it[ is] V[erizon] that has the [b]locks on, [it] most likely is." On November 18, the Department determined its response to the grievance was "appropriate" and the case was "closed." This appeal followed.

On appeal, Davis contends the Department "erred when it denied [his] administrative remedy." He argues "a due process claim is created by the failure of [the Department] to provide a reasonable notice and a meaningful opportunity to be heard, as to the blocking of [his] toll-free telephone numbers." In his reply brief, Davis also argues the Department's decision was arbitrary, capricious, and unreasonable.

A-1831-24

We are unpersuaded by Davis's claim that the Department violated his right to due process. The law is well-established that prisoners have limited due process rights. Avant v. Clifford, 67 N.J. 496, 529-30 (1975); Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 239-40 (App. Div. 2019). The Legislature has granted the Department broad authority to exercise discretion in matters related to the administration of correctional facilities. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).

A "supervised offender must be provided reasonable notice and a meaningful opportunity to be heard." Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 250 (2008). In that regard, the Department has an administrative remedy system for STU residents to submit written requests or grievances to "formally communicate with correctional facility staff to request information from, and present issues, concerns, and/or complaints to the correctional facility staff." N.J.A.C. 10A:1-4.1(a)(1). The remedy system consists of: (1) an "[i]nmate [i]nquiry [f]orm"; (2) an "[i]nmate [g]rievance [f]orm"; and (3) an "[a]dministrative [a]ppeal." Ibid.

In Mourning v. Correctional Medical Services, (CMS) of St. Louis, Mo., we found an inmate's due process rights were protected by providing the "opportunity institutionally to grieve the issues raised." 300 N.J. Super. 213,

233 (App. Div. 1997). In this case, Davis was afforded a meaningful opportunity to file a grievance, in accordance with N.J.A.C. 10A:1-4.1(a)(1), and his grievance was promptly investigated and addressed by the Department. He was then given the opportunity to administratively appeal the Department's initial decision to close his case. His dissatisfaction with the resolution of his grievance and appeal does not constitute a violation of his due process rights.

We are also satisfied the Department's final decision was not arbitrary, capricious, or unreasonable. "Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010) (citing Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001)).

In this case, the record establishes the Department timely investigated and responded to Davis's appeal. The Department determined the telephones in the STU were working properly and informed Davis of the results of its investigation. There is no basis for us to disturb the Department's determination

5

that the response to his grievance was appropriate, and his case was properly closed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1831-24